UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-344-MOC
(3:12-cr-390-MOC-1)

| | | |
|---|---|---|
| ANTHONY WATSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Response in Support, (Doc. No. 8). Petitioner is represented by Joshua Carpenter of the Federal Public Defenders of Western North Carolina. For the reasons that follow, the motion to vacate will be granted.

**I. BACKGROUND**

On April 10, 2013, Petitioner Anthony Watson pled guilty in this Court to four counts of bank robbery, 18 U.S.C. § 2113(a), and to one count of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g). (Crim. Case No. 3:12-cr-390-MOC-1, Doc. No. 11: Acceptance and Entry of Guilty Plea). As to the possession of a firearm conviction, Petitioner had three prior convictions under Virginia law for offenses that qualified as "violent felonies" under the Armed Career Criminal Act ("ACCA"): one 1988 conviction for robbery, which "is a common law crime" in Virginia, Chappelle v. Commonwealth of Va., 504 S.E.2d 378, 379 (Va. Ct. App. 1998), and two 1996 convictions for bank robbery. (Crim. Case No. 3:12-cr-390-MOC-1, Doc. No. 19 at ¶¶ 62, 80, 82, 83: PSR). Therefore, based on the ACCA enhancement, Petitioner

1

faced a statutory mandatory minimum of 15 years, a maximum of life, and a guidelines range of 188 to 235 months. (Id. at ¶¶ 105, 106). On July 1, 2014, this Court imposed a sentence of 235 months. (Id., Doc. No. 24: Judgment). Petitioner appealed his conviction and sentence, and the Fourth Circuit Court of Appeals dismissed the appeal on February 6, 2015. (Id., Doc. No. 34).

On June 14, 2016, Petitioner filed the instant motion to vacate his sentence, arguing that he was sentenced as an armed career criminal in violation of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Specifically, Petitioner contends that he was improperly sentenced as an armed career criminal because the residual clause of the career-offender guideline is unconstitutionally vague and his prior convictions under Virginia law—one for robbery and two for bank robbery—only qualified as predicate convictions under the ACCA based on the now-invalid residual clause. Petitioner contends that, in light of Johnson, he no longer has three predicate convictions supporting his classification as an armed career criminal.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The ACCA provides for a mandatory-minimum term of 15 years in prison for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). "Violent felony" is defined to

include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B). In 2015, the Supreme Court held in Johnson that a prior provision defining "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the "residual clause" of the ACCA's "violent felony" definition, was void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. The Supreme Court also held that the clause was void "in all its applications." Id. at 2561. The Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i). Id. at 2563.

As a result of Johnson, a defendant who was sentenced to a statutory mandatory-minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. See United States v. Newbold, 791 F.3d 455, 460 (4th Cir. 2015) (holding that the improper imposition of an ACCA-enhanced sentence is an error that is cognizable in a motion to vacate filed under 28 U.S.C. § 2255). Where, however, the prior convictions upon which his enhanced sentence is based qualify as violent felonies under the "force clause" or qualify as one of the four enumerated offenses, no relief is warranted. On April 18, 2016, the Supreme Court held in Welch v. United States, 136 S. Ct. 1257 (2016), that Johnson is retroactively applicable on collateral review to claims that the defendant was improperly sentenced as an armed career criminal.

Here, Petitioner argues that his prior convictions for convictions under Virginia law—one for robbery and two for bank robbery—only qualified as "violent felonies" only under the

3

ACCA's now-invalidated residual clause and that he is entitled to sentencing relief under Johnson. In its response, the Government states that it agrees that Petitioner's Virginia 1988[1] common law robbery conviction no longer qualifies as an ACCA predicate and Petitioner therefore no longer has three qualifying predicates for purposes of being sentenced under the ACCA.[2] After considering the parties' arguments, the Court agrees that Petitioner no longer has three qualifying predicates for purposes of being sentenced under the ACCA. As the Government notes, the Fourth Circuit recently held that Virginia's crime of common law robbery no longer falls within the definition of "violent felony" under the ACCA because it does not meet the requirements of the force clause, nor is it an enumerated offense under the Act. United States v. Winston, 850 F.3d 677, 685 (4th Cir. 2017). Because the ACCA requires three qualifying convictions, Petitioner no longer qualifies for application of a fifteen-year mandatory sentence under the ACCA. Id.

In sum, Petitioner's motion to vacate will be granted and Petitioner is, therefore, entitled to be resentenced without application of an enhanced sentence under the ACCA.[3]

### IV.    CONCLUSION

For the reasons stated herein, the Court grants Petitioner's motion to vacate, and Petitioner is entitled to be resentenced with application of the ACCA.

**IT IS, HEREBY, ORDERED that**:

---

[1] The Government refers to a conviction dated 1984, but the PSR indicates that the common law robbery conviction was from 1988.
[2] The Government states that it has chosen not to assert the doctrine of procedural default or any collateral-attack waiver executed with Petitioner's plea as a bar to Petitioner's Johnson claim.
[3] According to Petitioner, absent the ACCA-enhanced sentence, he faces a statutory maximum of ten years on the Section 922 count and a guidelines range of 97 to 121 months. (Civ. Doc. No. 4 at 2).

(1) Petitioner's Motion to Vacate, (Doc. No. 1), is **GRANTED**, and Petitioner shall be resentenced in accordance with this order.

Signed: June 20, 2017

Max O. Cogburn Jr
United States District Judge